# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
August 28, 2025
Lyle W. Cayce
Clerk

No. 25-30322

―――――――――――

Voice of the Experienced, a membership organization *on behalf of itself and its members*; Myron Smith, *Individually and on behalf of all others similarly situated*; Damaris Jackson, *Individually and on behalf of all others similarly situated*; Nate Walker, *Individually and on behalf of all others similarly situated*; Darrius Williams, *Individually and on behalf of all others similarly situated*; Kevias Hicks; Joseph Guillory; Alvin Williams,

               *Plaintiffs—Appellees*,

*versus*

James M. LeBlanc, *Secretary, Department of Public Safety and Corrections*; Tim Hooper, *Warden, Louisiana State Penitentiary*; Louisiana Department of Public Safety and Corrections,

               *Defendants—Appellants*.

―――――――――――――――――――――――――

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:23-CV-1304

―――――――――――――――――――――――――

No. 25-30322

Before STEWART, CLEMENT, and WILSON, *Circuit Judges*.
PER CURIAM:[*]

This case involves a temporary restraining order ("TRO") issued by the district court on May 23, 2025, enjoining the Louisiana State Penitentiary (hereinafter "Angola") from certain practices on its "Farm Line." This is the second TRO requested by Appellees, Voice of the Experienced ("VOTE")[1] and several Angola inmates. It is also the second TRO appealed to this court by Appellants, the Secretary of the Louisiana Department of Public Safety and Corrections, the Warden of Angola, Prison Enterprises, Inc. and its Director, and Louisiana's Department of Safety and Corrections ("DPSC"). Recently, another panel of this court held that the appeal of the first TRO was moot and vacated the underlying order under the *Munsingwear* doctrine.[2] *See Voice of the Experienced v. Westcott*, No. 24-30420, 2025 WL 2222990 (5th Cir. Aug. 5, 2025) (per curiam). Because the TRO that is the subject of this appeal has now expired as well, we do the same.

# I

The Farm Line is a practice through which Angola compels inmates incarcerated at its facility to hard labor. Incarcerated men assigned to the Farm Line pick vegetables by hand for hours under hot, strenuous conditions. In the high heat of the Louisiana summer, conditions on the Farm Line can become life threatening. So long as they do not have a medical exemption, any of the approximately 4,000 men incarcerated at Angola can potentially be assigned to the Farm Line for disciplinary reasons. In September 2023,

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

[1] VOTE is a nonprofit organization that "advocate[s] for the civil, constitutional and human rights" of Louisiana inmates.

[2] *See United States v. Munsingwear, Inc.*, 340 U.S. 36 (1950).

No. 25-30322

VOTE filed a class action lawsuit challenging Angola's operation of the Farm Line as violating the Eighth Amendment's prohibition on cruel and unusual punishment.

In March 2025, VOTE moved for a TRO to require Angola to (1) issue a Heat Alert on the Farm Line whenever the heat index meets or exceeds 88 degrees and (2) monitor the heat index every 30 minutes. VOTE argued that it was likely to succeed on the merits of its Eighth Amendment claim regarding the Farm Line practices, and Appellants were deliberately indifferent to the alleged Eighth Amendment violations. VOTE argued that preliminary injunctive relief was necessary to "protect [inmates] on the Farm Line from heat-related injury." Among the evidence Appellees introduced in support of their motion were declarations from their own expert, Dr. Susi Vassallo ("Vassallo") and deposition testimony from DPSC's Chief Medical Officer, Dr. Randy Lavespere ("Dr. Lavespere").

Appellants opposed the motion, arguing that any preliminary injunction would be improper under the Prison Litigation Reform Act ("PLRA"). Appellants also argued that even if an injunction would be proper under the PLRA, VOTE could not show a likelihood of success on the merits or that Appellants' actions rose to the level of deliberate indifference.

In April 2025, six months after discovery closed, Angola adopted a new policy (the "2025 Directive"), which required temperature checks every hour—more frequent than the 2024 Policy's two-hour window but less frequent than VOTE's requested 30-minute window.[3]

---

[3] The 2025 Directive also added a requirement for field staff to document any Heat Alert on the daily line count sheets and ensure that all rest breaks are clearly documented on the daily line count sheet.

No. 25-30322

The district court held a hearing on VOTE's motion for a TRO, which it granted it in full on May 23, 2025 (the "May 2025 Order").[4] The May 2025 Order determined that it was substantially likely that Angola's current Heat Alert and heat-index monitoring practices pose a substantial risk of serious harm to inmates on the Farm Line. The court also determined that Appellees' argument that Appellants were deliberately indifferent had merit. It stated that Appellants "simply ignored" the "compelling medical findings" set forth in the findings of previous court orders, which credited Dr. Vassallo's opinion that the risks of heat-related injury and death increase sharply at 88 degrees. Regarding the dangers of the Angola's heat monitoring practices, the district court cited Dr. Lavespere's deposition testimony, concluding that it showed that Appellants were "well aware of the significant temperature swings that may occur."

Appellants timely appealed the May 2025 Order. They also moved to expedite the appeal, which a separate motions panel of this court granted. At oral argument, both parties acknowledged that under the PLRA's ninety-day limit for preliminary injunctive relief, the May 2025 Order would automatically expire on August 21, 2025—ninety days after its entry. *See* 18 U.S.C. § 3626(a)(2).

## II

Like the previous panel to consider the first TRO issued in this matter, "we conclude that the district court's order had the 'practical effect' of a preliminary injunction and is therefore reviewable under 28 U.S.C. § 1292(a)(1)." *Westcott*, 2025 WL 2222990, at *2. However, because the May

---

[4] The district court clarified in a later order that it had granted the TRO under its authority pursuant to the PLRA and that it would expire on August 21, 2025—90 days after its entry—unless extended or converted to permanent relief before then.

2025 Order has now expired, there is no live controversy before us and we lack subject matter over this appeal. Accordingly, we dismiss this appeal as moot and vacate the district court's May 2025 Order.

A

Article III limits this court's judicial authority to "Cases" and "Controversies." U.S. CONST. art. III, §§ 1–2. Actual controversy must exist "through 'all stages of the litigation,'" including on appeal. *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 92 (2013) (quoting *Alvarez v. Smith*, 558 U.S. 87, 92 (2009)). "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.'" *Id.* (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982)). Thus, a change of circumstances that eliminates the controversy moots the case. *Students for Fair Admissions, Inc. v. Univ. of Tex. at Austin*, 142 F.4th 819, 824 (5th Cir. 2025). "[I]f an event occurs while a case is pending on appeal that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party, the appeal must be dismissed." *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895)).

"Generally, when an injunction expires by its own terms, it is moot and there is nothing to review." *Westcott*, 2025 WL 2222990, at *2 (quoting *Yates v. Collier*, 677 F. App'x 915, 917 (5th Cir. 2017) (per curiam)); *see also Wickes Corp. v. Indus. Fin. Corp.*, 493 F.2d 1173, 1176 (5th Cir. 1974) ("[B]y its own terms, the preliminary injunction is dissolved, and the appeal of this order is now moot.").

The parties agree that the August 2025 Order expired by its own terms on August 21, 2025. That date has come and passed. Thus, under the plain language of the PLRA, the order has ceased to have any legal effect; Appellants are no longer enjoined by its terms. "Because the preliminary

5

injunction has expired, there is no remedy we can provide [Appellants] at this point." *See Smith v. Edwards*, 88 F.4th 1119, 1126 (5th Cir. 2023). Consequentially, the parties have no continued, legally cognizable interest in the appeal of the now-expired order. Accordingly, we hold that this appeal is moot and we lack subject matter jurisdiction over it.

B

Like the panel that considered the first TRO in this matter, we next consider whether vacatur of the district court's May 23, 2025 Order is appropriate under the *Munsingwear* doctrine. *Westcott*, 2025 WL 2222990, at *2 (citing *United States v. Munsingwear, Inc.*, 340 U.S. 36 (1950)). We hold that it is.

"*Munsingwear* practice is well settled." *Id.* (quoting *Acheson Hotels, LLC v. Laufer*, 601 U.S. 1, 5 (2023)). *Munsingwear* vacatur "clears the path for future relitigation of the issues between the parties and eliminates a judgment, review of which was prevented through happenstance." *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 22–23 (1994) ("*Bancorp*") (quoting *Munsingwear*, 340 U.S. at 40). "The point of vacatur is to prevent an unreviewable decision from spawning any legal consequences, so that no party is harmed by what we have called a 'preliminary' injunction." *Westcott*, 2025 WL 2222990, at *3 (internal quotation marks omitted) (quoting *Camreta v. Greene*, 563 U.S. 692, 713 (2011)).

On at least three other occasions, panels of this court have vacated a preliminary injunction where it automatically expired under the PLRA. In *Westcott*—the appeal of the earlier TRO issued in this case—the panel determined that vacatur was appropriate on similar grounds discussed herein. 2025 WL 2222990. In *Yates*, another panel reasoned that because the prisoner plaintiffs "allowed" their preliminary injunction to expire, vacatur

of that injunction was warranted. 677 F. App'x at 918. Finally, in *Smith*, the panel held that because the preliminary injunction was mooted by automatic expiration under the PLRA rather than by defendant's conduct, defendant was "frustrated by the vagaries of circumstance, . . . [and] ought not in fairness be forced to acquiesce in the judgment." 88 F.4th at 1127 (quoting *Staley v. Harris Cnty.*, 485 F.3d 305, 310 (5th Cir. 2007)).

As explained *supra*, this appeal became moot when the May 2025 Order automatically expired under the PLRA's clear ninety-day limit. Regardless of whether the appeal expired because of the parties' actions, or by "happenstance," vacatur is warranted here because "[v]acatur must be granted where an appeal has 'become moot due to circumstances unattributable to any of the parties.'" *See Westcott*, 2025 WL 2222990, at *3–4 (quoting *Bancorp*. 513 U.S. at 23). The ninety-day "expiration clock" for preliminary injunctions under the PLRA is one of those circumstances. *Id.* at *4.

Vacatur here does not violate the principles set forth in *Bancorp*. 513 U.S. 18. In *Bancorp*, "[t]he Court concluded that the logic of *Munsingwear* did not extend to mootness by settlement because, in that situation, the party who lost below 'has voluntarily forfeited his legal remedy by the ordinary processes of appeal or certiorari.'" *Westcott*, 2025 WL 2222990, at *4 (quoting *Bancorp*, 513 U.S. at 25). In such a situation, the district court's "judgment is not unreviewable, but simply unreviewed by [that party's] own choice." *Id.* (alteration in original) (quoting *Bancorp*, 513 U.S. at 25). When this appeal was mooted, Appellants were actively pursuing their right to appeal. In light of its mootness, *Munsingwear* vacatur of the district court's May 2025 Order is appropriate.

Like the previous panel to address these issues, we find that vacatur is particularly appropriate given the procedural posture of this case. *Westcott*,

2025 WL 2222990, at *4. "By vacating the preliminary injunction, we 'clear[] the path for future relitigation' . . . between the parties on issues such as class certification, other preliminary relief, and ultimately a full bench trial on the merits and permanent relief." *Id.* (alteration in original) (citation omitted) (quoting *Munsingwear*, 340 U.S. at 40).

## III

On August 22, 2025, the district court entered a new preliminary injunction under the PLRA. Appellants immediately filed a separate notice of appeal of that preliminary injunction. *See* No. 25-30478, *Voice of the Experienced, et al. v. LeBlanc, et al.* Appellants have also filed motions to consolidate that appeal with this one and to stay the district court's new injunction pending appeal.

## IV

For the foregoing reasons, this appeal is DISMISSED as moot and the district court's May 23, 2025 order is VACATED. Because this appeal is moot, Appellants' motion to consolidate this appeal with Case No. 25-30478 is DENIED and their motion for a stay pending appeal is DENIED without prejudice to Appellants' refiling another motion for a stay in Case No. 25-30478.